# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **KAMESHA EDWARDS,** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **V.** | § | **CASE NO. 3:26-CV-228-G-BK** |
| | § | |
| **APPROVESHIELD, LLC,** | § | |
| **DEFENDANT.** | § | |

## ORDER

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for pretrial management. Before the Court for findings and a recommended disposition is *pro se* Plaintiff Kamesha Edwards's *Motion for Partial Summary Judgment*, Doc. 30. Upon review, the motion should be **DENIED WITHOUT PREJUDICE**.

Federal Rule of Civil Procedure 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See* FED. R. CIV. P. 56(a); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). "Thus . . . it is within the trial court's discretion to deny a motion for summary judgment without prejudice to its being renewed at a later time and the court may grant a renewed motion upon a showing of good cause." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2718 (4th ed. 2008).

The Court of Appeals for the Fifth Circuit has recognized the importance of an adequate

opportunity for discovery before summary judgment is granted. *See Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002) ("Summary judgment assumes some discovery."); *F.D.I.C. v. Shrader & York*, 991 F.2d 216, 220 (5th Cir. 1993) ("Summary judgment is appropriate if, after discovery, there is no genuine dispute over any material fact."). And "[b]ecause a court cannot properly consider a motion for summary judgment until after the parties have had an opportunity to conduct discovery, courts regularly deny early summary judgment motions as premature." *LSE R&D Eng'g LLC v. Lisch*, No. 4:25-cv-118, 2025 WL 3272087, at *3 (N.D. Tex. Nov. 4, 2025) (Ray, J.) (collecting cases), *adopted by* 2025 WL 3270657 (N.D. Tex. Nov. 24, 2025).

Here, the instant motion was filed more than two months before the discovery deadline. Doc. 21 (Scheduling Order setting November 6, 2026, discovery deadline). Further, discovery is ongoing, and three discovery motions are pending. *See* Docs. 46, 54, 55. Under these circumstances, and as Defendant correctly asserts, the parties have not had an adequate opportunity to complete discovery and, thus, Plaintiff's motion for summary judgment is premature.

For the foregoing reasons, Plaintiff Kamesha Edwards's *Motion for Partial Summary Judgment*, Doc. 30, should be **DENIED WITHOUT PREJUDICE** to her right to refile a single renewed motion for summary judgment after discovery closes in accordance with the Federal Rules of Civil Procedure, the Court's Local Civil Rules, and the applicable scheduling order.

**SO RECOMMENDED** on October 2, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).